UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

---

BETTY BENNETT,                                  Case No. 14-cv-509

        Plaintiff,

vs.

OTTO BERGES; BERGES LAW
GROUP, P.A.; CONSUMER
PROTECTION COUNSEL, P.A.; DEBT
BE GONE LLC; PARALEGAL STAFF
SUPPORT; UNITED LEGAL GROUP,

        Defendants.

---

# COMPLAINT

NOW COMES, Plaintiff Betty Bennett, by and through her attorneys, DeLadurantey Law Office, LLC, and complains of Defendants, Otto Berges; Berges Law Group, P.A.; Consumer Protection Counsel, P.A.; Debt Be Gone LLC; Paralegal Staff Support; and United Legal Group and alleges to the best of her knowledge, information and belief formed after an inquiry reasonable under the circumstances, the following:

## INTRODUCTION

### Nature of the Action

1.     This lawsuit arises from the Defendants' credit repair scheme.

2. Causes of Action herein are brought under the Credit Repair Organizations Act ("CROA"), 15 U.S.C. § 1679 *et seq*, and the Wisconsin Consumer Act ("WCA"), Wis. Stat. 421. *et seq*.

**Jurisdiction and Venue**

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331, because the case arises under the laws of the United States. This Court also has jurisdiction pursuant to 15 U.S.C. § 1679i(1), as it is an action to enforce liability created by the CROA within five years from the date on which the violation occurred.

4. This Court has supplemental jurisdiction over the claims arising under the Wisconsin Consumer Act under 28 U.S.C. §1367, because the Wisconsin Consumer Act claims are related to the CROA claims as they arise under the same set of facts, becoming part of the same case or controversy under Article III of the United States Constitution.

5. Venue in this Court is appropriate pursuant to 28 U.S.C. § 1391(b)(2), because this is where the acts giving rise to the claim occurred.

6. Under 28 U.S.C. § 1391(c), a defendant corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction. The corporate defendants are Florida corporations and are subject to personal jurisdiction in Wisconsin.

**Parties**

7. Plaintiff Betty Bennett (hereinafter "Ms. Bennett") is a natural person who resides in the City of Green Bay, County of Brown, State of Wisconsin.

2
Case 1:14-cv-00509-WCG   Filed 05/02/14   Page 2 of 12   Document 1

8. Defendant Otto Berges is a natural person who owns Berges Law Group P.A., a Florida corporation with a principal place of business at 1451 W. Cypress Creek Rd,. Ste 211, Ft. Lauderdale, FL 33309.

9. Defendant Otto Berges runs a "credit repair organization" as that term is defined in the Credit Repair Organizations Act, 15 U.S.C. § 1679(a)(3).

10. Defendant Berges Law Group P.A. ("Defendant Berges Law Group") is a Florida company with a principal place of business at 1451 W. Cypress Creek Rd,. Ste 211, Ft. Lauderdale, FL 33309 and a registered agent of Otto E. Berges, 1451 W. Cypress Creek Rd., Ste. 211, Ft. Lauderdale, FL 33309.

11. Defendant Berges Law Group is a "credit repair organization" as that term is defined in the Credit Repair Organizations Act, 15 U.S.C. § 1679(a)(3).

12. Defendant Consumer Protection Counsel, P.A. ("Defendant Consumer Protection Counsel") is a Florida company with a principal place of business at 1451 W. Cypress Creek Rd,. Ste 211, Ft. Lauderdale, FL 33309 and a registered agent of Otto E. Berges, 1451 W. Cypress Creek Rd., Ste. 211, Ft. Lauderdale, FL 33309.

13. Defendant Consumer Protection Counsel is a "credit repair organization" as that term is defined in the Credit Repair Organizations Act, 15 U.S.C. § 1679(a)(3).

14. Defendant Debt Be Gone LLC ("Defendant Debt Be Gone") is a Florida corporation with a principal place of business at 900 E. Atlantic Ave., Suite 7, Delray Beach, FL 33483 and a registered agent of Peter B. Weintraub, Weintraub & Weintraub, P.A., 2700 Military Trail, Suite 355, Boca Raton, FL 33431.

15. Defendant Debt Be Gone is a "credit repair organization" as that term is defined in the Credit Repair Organizations Act, 15 U.S.C. § 1679(a)(3).

16. Defendant Paralegal Staff Support LLC ("Defendant Paralegal Staff Support") is a Florida corporation with a principal place of business at 2201 North Andrews Ave., Suite 105, Pompano Beach, FL 33069 and a registered agent of Paralegal Partners, MRGM, 2201 North Andrews Ave., Suite 105, Pompano Beach, FL 33069.

17. Defendant Paralegal Staff Support is a "credit repair organization" as that term is defined in the Credit Repair Organizations Act, 15 U.S.C. § 1679(a)(3).

18. Defendant United Legal Group ("Defendant United Legal") is a Florida business with a principal place of business of 2201 North Andrews Ave., Suite 105, Pompano Beach, FL 33069, but they are not registered with the state of Florida.

19. Defendant United Legal Group is a "credit repair organization" as that term is defined in the Credit Repair Organizations Act, 15 U.S.C. § 1679(a)(3).

**Factual Allegations**

20. In or around September 2013, a person alleging to work for Defendant Consumer Protection Counsel contacted Ms. Bennett, offering to help her fix her credit.

21. They told her they could email a contract to her, which they did on October 30, 2013.

22. The contract has the name of Defendant Consumer Protection Counsel across the front, but no address or phone number.

23. The email contained a copy of a contract, Exhibit A (where she listed all of her debts), an agreement with RAM (related to ACH withdrawals), power of attorney, an affidavit (which appears to be a document they would use to dispute debts), a sheet containing alleged

4

compliance questions, an addendum regarding student loans, and a EchoSign document history from Adobe, stemming from IP address 50.196.81.18. **See Exhibit A.**

24. Per the terms of the contract, Ms. Bennett was to pay an initial payment of $199 "that shall be deemed earned upon receipt."

25. On November 21, 2013, Defendant Paralegal Staff Support charged Ms. Bennett checking account $179.26.

26. On December 12, 2013, Defendant Paralegal Staff Support charged Ms. Bennett's checking account $179.26

27. On December 21, 2013, Defendant Paralegal Staff Support charged Ms. Bennett's checking account $155.10.

28. On February 21, 2014, Defendant Berges Law Group charged Ms. Bennett's checking account $170.10.

29. On March 21, 2014, Defendant Berges Law Group charged Ms. Bennett's checking account $155.10.

30. On April 21, 2014, Defendant Berges Law Group charged Ms. Bennett's checking account $155.10.

31. The monthly fee is automatically deducted from Ms. Bennett's checking account through an electronic funds transfer each month regardless if any services are performed by the Defendant for the consumer that month. These monthly fees are collected by the Defendants before they have fully performed any alleged credit repair services.

32. The $7,338.15 fee is deemed non-refundable and is to be paid in monthly installments of $155.10 for 46 months.

33. Additionally, after she is done paying the $7,338.15 fee, she will be charged $50 a month "until completion or discharge of attorney services."

34. Over the phone, Ms. Bennett was also told that she would be charged $7,000 in attorneys' fees, which would be paid first and then an additional $7,000 to fix her credit.

35. The contract does not state a guarantee of performance, does not state an estimate by which the performance will be complete (only the amount of time for which she will pay), does not state an estimate of the length of time necessary to perform the service, does not state the credit repair organizations' principal business address, and does not state the statutory language regarding the consumer's right to cancel the contract.

36. The data that the Defendants asked for from Ms. Bennett and received does not even give the Defendants enough data to attempt to perform its duties and obligations under the terms of the contract.

37. Upon information and belief, Ms. Bennett believes that all of the defendants are working in concerted effort under the direction of Defendant Otto Berges. **See Exhibit B.**

### **Count 1 – Violations of the Credit Repair Organizations Act (15 U.S.C. §1679)**

38. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. The Credit Repair Organizations Act took effect on April 1, 1997, and has since that date remained in full force and effect.

40. The Credit Repair Organizations Act defines a "credit repair organization" as:

[A]ny person who uses any instrumentality of interstate commerce or the mails to sell, provide, or perform (or represent that such person can or will sell, provide, or perform) any service, in return for the payment of money or other valuable

consideration, for the express or implied purpose of . . . improving any consumer's credit record, credit history, or credit rating [.]

15 U.S.C. § 1679a(3)

41. The purposes of the Credit Repair Organizations Act, according to Congress, are:

(1) to ensure that prospective buyers of the services of credit repair organizations are provided with the information necessary to make an informed decision regarding the purchase of such services; and
(2) to protect the public from unfair or deceptive advertising and business practices by credit repair organizations.

15 .S.C. § 1679(b).

42. The Credit Repair Organizations Act prohibits credit repair organizations from making "any statement, or counsel or advise any consumer to make any statement, which is untrue or misleading … to … any consumer reporting agency." 15 U.S.C. § 1679b(a)(1)(A).

43. The contract with the Defendants state that the Defendants will dispute any "derogatory" items, with no distinction as to whether the derogatory information is correct or incorrect.

44. The Credit Repair Organizations Act prohibits credit repair organizations from charging or receiving any money or other valuable consideration for the performance of any service which the credit repair organization has agreed to perform before such service is fully performed. 15 U.S.C. § 1679b(b).

45. Defendants have charged Ms. Bennett money for the performance of credit repair services that Defendants have agreed before such services were fully performed.

46. The Credit Repair Organizations Act requires a written contract which meets the following requirements:

No contract referred to in subsection (a) of this section meets the requirements of this subsection unless such contract includes (in writing)—

**(1)** the terms and conditions of payment, including the total amount of all payments to be made by the consumer to the credit repair organization or to any other person;
**(2)** a full and detailed description of the services to be performed by the credit repair organization for the consumer, including—
    **(A)** all guarantees of performance; and
    **(B)** an estimate of—
        **(i)** the date by which the performance of the services (to be performed by the credit repair organization or any other person) will be complete; or
        **(ii)** the length of the period necessary to perform such services;
**(3)** the credit repair organization's name and principal business address; and
**(4)** a conspicuous statement in bold face type, in immediate proximity to the space reserved for the consumer's signature on the contract, which reads as follows: "You may cancel this contract without penalty or obligation at any time before midnight of the 3rd business day after the date on which you signed the contract. See the attached notice of cancellation form for an explanation of this right."

15 U.S.C. § 1979d(b).

47. The terms of the contract signed by Ms. Bennett do not contain a guarantee of performance, as required by 15 U.S.C. § 1679d(b)(2)(A).

48. The terms of the contract signed by Ms. Bennett do not give an estimate of the date by which performance of the service will be complete or the length of the period necessary to perform such services, as required by 15 U.S.C. § 1679d(b)(2)(B).

49. The contract given to Ms. Bennett does not give the credit repair organization's principal business address, as required by 15 U.S.C. § 1679d(b)(3).

50. The contract given to Ms. Bennett does not contain the cancellation provision, as required by 15 U.S.C. § 1679d(b)(4).

51. The contract given to Ms. Bennett did not contain an accompanied cancelation form, in duplicate, as required by 15 U.S.C. § 1679e(b).

52. Ms. Bennett was not given a fully executed contract, signed by the Defendants' agent, as required by 15 U.S.C. § 1679e(c)(1).

53. As a result of the Defendant's illegal conduct, Ms. Benentt has suffered emotional distress and mental anguish.

54. As a result of the Defendants' violation of the CROA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. §1679g(a)(1)(B) in the amount of $993.92; punitive damages pursuant to 15 U.S.C. §1679g(a)(2)(A) and 15 U.S.C. §1679g(b); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. §1679g(a)(3).

### Count 2 – Violations of the Wisconsin Consumer Act (Wis. Stat. § 422.501 *et seq.*)

55. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

56. The Defendants are all "credit service organizations" as that term is defined by Wis. Stat. §422.501(2)(a).

57. While Defendant Otto Berges is an attorney, he is not licensed in the state of Wisconsin, so the exception of Wis. Stat. §422.501(2)(a)(6) is not applicable.

58. The Defendants have not been issued a certification of registration as required by Wis. Sta. §422.502(1).[1]

59. The contract with the Defendants state that the Defendants will dispute any "derogatory" items, with no distinction as to whether the derogatory information is correct or incorrect, in violation of Wis. Stat. §422.503(1).

---

[1] http://www.wdfi.org/wca/consumer_credit/credit_guides/credit_services_organizations.htm

60. The contract does not contain the necessary notice requirements, in violation of Wis. Stat. §422.504(2).

61. The contract does not contain the necessary cancellation policy, in violation of Wis. Stat. §422.505(1)(a).

62. The contract does not contain a guarantee, in violation of Wis. Stat. §422.505(1)(c).

63. The contract does not contain the organization's principal business address and their Wisconsin registered agent, in violation of Wis. Stat. §422.505(1)(e).

64. The contract does not contain a "Notice of Cancellation" form, in violation of Wis. Stat. §422.505(2)(a).

65. Ms. Bennett was not provided with a copy of the fully executed contract, in violation of Wis. Stat. §422.505(2)(b).

66. Under Wis. Stat. §425.305, the contract is void and Ms. Bennett is to receive the total amount that she has paid to the Defendants.

67. As a result of the Defendant's illegal conduct, Ms. Bennett has suffered emotional distress and mental anguish.

68. The Defendants are liable to Ms. Bennett actual costs, and attorneys' fees, under Wis. Stat. § 425.308.

## Trial by Jury

69. Plaintiff is entitled to, and hereby respectfully demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Ms. Bennett prays that judgment be entered against the Defendants for:

A. Actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1679g(a)(1);
B. Punitive damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1679g(a)(2)(A)
C. Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1679g(a)(3);
D. Damages in the amount Ms. Bennett has already paid, pursuant to Wis. Stat. §225.305;
E. Declaration that the contract is null and void, pursuant to Wis. Stat. §425.305;
F. Costs and reasonable attorneys' fees pursuant to Wis. Stat. §425.308 against the Defendant Americollect; and
G. Other and further relief as may be just and proper.

Dated this 30th day of April, 2014.

DeLadurantey Law Office, LLC

s/ Nathan E. DeLadurantey

Nathan E. DeLadurantey (WI# 1063937)
Heidi N. Miller (WI# 1087696)
DeLadurantey Law Office, LLC
735 W. Wisconsin Ave, Suite 720
Milwaukee, WI 53233
(414) 377-0515; (414) 755-0860 – Fax
Nathan@dela-law.com
Heidi@dela-law.com

# VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF WISCONSIN              )
                                ) ss
COUNTY OF BROWN                 )

Plaintiff Betty Bennett, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

*Betty A Bennett*
Betty Bennett

Subscribed and sworn to before me this April 30 day of April, 2014.

*Heidi N. Miller*
Notary Public
My commission is permanent

[Notary Seal: HEIDI N. MILLER, NOTARY PUBLIC, STATE OF WISCONSIN]